KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Aaron Moore, | No. CV 17-08132-PCT-DLR (JZB) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| Twitter, et al., | |
| Defendants. | |

On July 12, 2017, Plaintiff Jeffrey Aaron Moore, who is confined in the Mohave County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed In Forma Pauperis, and a Motion to Appoint Counsel. Because it appears that Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), the Court will permit Plaintiff an opportunity to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding in forma pauperis in this action.

**I.    "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

JDDL

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

It appears that at least three of Plaintiff's prior actions or appeals qualify as "strikes" under § 1915(g):

(1) *Moore v. Mohave County*, CV 16-08242-PCT-DLR (JZB), February 15, 2017 Order (Doc. 7) and Judgment (Doc. 8), dismissing the Complaint and action for failure to state a claim;

(2) *Moore v. Arizona Attorney General*, CV 16-08256-PCT-DLR (JZB), May 10, 2017 Order (Doc. 17) and Judgment (Doc. 18), dismissing the First Amended Complaint and action for failure to state a claim; and

(3) *Moore v. Flagstaff Medical Center*, CV 16-08259-PCT-DLR (JZB), February 21, 2017 Order (Doc. 6) and Judgment (Doc. 7) dismissing the Complaint and action for failure to state a claim.

## II.     Imminent Danger

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee and $50.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering

a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews*, 493 F.3d at 1053. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff alleges that his First Amendment rights were violated when Defendant Twitter allowed then-presidential candidate Donald Trump to threaten, on Twitter's website, to cut Amtrak's budget. Plaintiff believes this ultimately resulted in his being wrongfully charged with molesting a child on an Amtrak train because, in order to prevent delays, Amtrak urged local police to release the train before police could conduct a thorough investigation. These allegations do not show that Plaintiff is in imminent danger of serious physical injury.

**III.   Order to Show Cause**

"[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) . . . , the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status." *Andrews*, 398 F.3d at 1120. This Order serves as notice of Plaintiff's potential disqualification under § 1915(g). The Court will permit Plaintiff an opportunity to show cause in writing why the dismissals of his prior lawsuits and appeal do not preclude his in forma pauperis status under § 1915(g). Plaintiff's response to this Order **shall be limited to this issue** and must be filed within **30 days** of the date this Order is filed. Alternatively, Plaintiff may submit the $400.00 filing and administrative fees within **30 days** of the date this Order is filed.

1  If Plaintiff fails to timely respond to this Order or fails to persuade the Court that
2  § 1915(g) does not preclude his in forma pauperis status, Plaintiff's Application to
3  Proceed will be denied, and the Complaint and this action will be dismissed without
4  prejudice pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future,
5  he must prepay the entire $400.00 filing and administrative fees when he files his action.

**IV.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, within **30 days** of the date this Order is filed, why the dismissals of his prior actions or appeals do not preclude his in forma pauperis status under § 1915(g). **Plaintiff's written response shall be limited to this issue only**.

. . . .

. . . .

. . . .

(2)   If Plaintiff fails to either pay the $350.00 filing fee and $50.00 administrative fee **or** file a response to this Order to Show Cause within **30 days** of the date this Order is filed, the Clerk of Court must enter a judgment of dismissal of this action without further notice to Plaintiff and without prejudice to Plaintiff filing a complaint in a new case accompanied by prepayment of the full $400.00 filing and administrative fees and must deny any pending unrelated motions as moot.

Dated this 29th day of August, 2017.

Douglas L. Rayes
United States District Judge